UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

LAWRENCE K. HOLLAND,

Defendant.

Criminal No. 01-cr-88 (JDB)

**FILED**

OCT 18 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

<u>ORDER</u>

Before the Court is [120] defendant Lawrence Holland's pro se motion to expunge his criminal record, or in the alternative, to seal his criminal record. In 2001, Holland, then a police officer, was charged with two counts of assault and a third count of deprivation of rights under color of law. Holland's trial ended with the jury hung on all counts. A retrial ended the same way. Holland then pled guilty to a single count of assault and this Court sentenced him to five years of probation. Holland served his sentence without incident.

In May of this year, some nine years after his probation ended, Holland sent the Court a letter containing "a formal request to have my misdemeanor conviction sealed/expunged and the two other dismissed charges associated with my case sealed/expunged," which the Court, with Holland's consent, has treated as a motion to seal or expunge his criminal record. Mot. to Expunge [ECF No. 120], at 1. Holland explained that he did not wish to "marginaliz[e] the seriousness of any criminal charges" but noted that his record of conviction (and of the charges that were ultimately dropped) made it difficult to obtain certain jobs for which he was otherwise qualified. Id. at 2. The Court takes seriously the concerns underlying Holland's request, and acknowledges

that a criminal record can continue to impose burdens long after one has served a sentence. But the Court must nevertheless deny Holland's request.

The power to order expungement is part of the inherent equitable power of the federal courts to fashion appropriate remedies to protect important legal rights. See Livingston v. U.S. Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985); United States v. Evans, 78 F. Supp. 3d 351, 352 (D.D.C. 2015). However, where there is no statutory basis for expungement, as there is none here, "[t]he general rule" is that expungement is appropriate only in extreme circumstances, such as where "serious governmental misbehavior" leads to the conviction, or "unusually substantial harm to the defendant not in any way attributable to him" outweighs the government's interest in the criminal records. Doe v. Webster, 606 F.2d 1226, 1231 (D.C. Cir. 1979); see also Evans, 78 F. Supp. 3d at 352; United States v. Davis, No. CR-342-72 (TFH), 2006 WL 1409761, at *2 (D.D.C. May 23, 2006).

Holland does not attack the validity of his conviction, and points to no evidence of government misconduct that would warrant expungement. Absent a showing that Holland's legal rights were violated, "[t]he mere existence" of collateral consequences of conviction, such as difficulty in finding employment, "does not rise to the level of the extreme or exceptional circumstances necessary to justify the expungement of records of a valid criminal conviction." Davis, 2006 WL 1409761, at *2. This is true "even when taken in combination with [a defendant's] exemplary rehabilitation." Id.; see also Evans, 78 F. Supp. 3d at 352; United States v. Baccous, CR No. 99-0596 (DAR), 2013 WL 170791, at *2 (D.D.C. Apr. 22, 2013). Therefore, expungement of Holland's record is not appropriate.

As for sealing, there is "an important presumption in favor of public access to all facets of criminal court proceedings," United States v. Hubbard, 650 F.2d 293, 317 (D.C. Cir. 1980), and

therefore such records should not be sealed without a compelling reason. The Court is not aware of any case law suggesting that a criminal defendant's subsequent difficulty obtaining employment is a strong enough reason to seal a case. And the fact that the Court's record of this case has long been public cuts significantly against sealing it now. See EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (identifying "the extent of previous public access to the documents" as a factor relevant to sealing decisions). Thus, although the Court in theory has the power to seal this case, Holland has not shown that the presumption in favor of public access is overcome. Sealing is therefore unjustified.

For the foregoing reasons, it is hereby ORDERED that Holland's motion is DENIED, and it is further ORDERED that a copy of this order shall be mailed to the defendant's address on file with the Court.

/s/
JOHN D. BATES
United States District Judge

Dated: October 14, 2016